UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEREMY V. QUASIUS,

        Plaintiff,

    v.                                    Case No. 25-CV-1149

CHRISTINE DEWANE and
JOHN BILKA,

        Defendants.

## ORDER GRANTING PLAINTIFF'S REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

Currently pending before the court is Jeremy V. Quasius's Request to Proceed in District Court without Prepaying the Filing Fee.

Having reviewed the plaintiff's request, the court concludes that the plaintiff lacks the financial resources to prepay the fees and costs associated with this action. Therefore, the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

However, because the court is granting the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton*

*v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

2

Case 1:25-cv-01149-BBC    Filed 08/20/25    Page 2 of 7    Document 5

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a plaintiff has stated a claim, under 28 U.S.C. § 1915(e)(2)(B)(ii) the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

"Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in the plaintiff's complaint, which the court accepts as true at this stage.

Quasius has a child with Denise Hettick. (ECF No. 1, ¶ 6.) He seeks to sue Hettick's attorney, John Bilka, and the court-appointed guardian ad litem, Christine Dewane.[1] Quasius alleges that the defendants retaliated against him for his exercise of his rights under the First Amendment, violated his right to due process by denying him "fair hearings, engaged in biased conduct, and used false claims to engineer a retaliatory separation," failed to intervene when they learned of constitutional violations, and engaged in a civil conspiracy. (ECF No. 1 at 3.) He also alleges that he was arrested without probable cause in violation of the Fourth Amendment. (ECF No. 1 at 3.)

Quasius purports to bring his claims under 42 U.S.C. § 1983. Section 1983 authorizes suits against persons who, under color of state law, violate an individual's right under the Constitution or other federal law.

The Bill of Rights and the Fourteenth Amendment protect individuals from overreach by government actors, not private individuals. *See, e.g., Ky. Lodge No. 681 v. Anderson*, No. 4:21-cv-00066-JMS-KMB, 2022 U.S. Dist. LEXIS 203067, at *28

---

[1] Quasius refers to "Defendant Denise Hettick" (ECF No. 1, ¶ 6) but does not name her in the caption. Therefore, the court regards Bilka and Dewane as the only purported defendants properly before the court.

(S.D. Ind. Nov. 8, 2022) ("It is a very basic principle of law that the Free Speech Clause of the First Amendment prohibits abridgement of speech only by government actors and not private actors." (citing *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019))).

"[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). That a private individual employs the machinery of state law to allegedly infringe on rights protected by the constitution does render the action "under color of" state law for purposes of 42 U.S.C. § 1983.

Insofar as Dewane, as a guardian ad litem, could be regarded as an arm of the state court, she is entitled to absolute immunity. *See Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009) ("Guardians ad litem and court-appointed experts, including psychiatrists, are absolutely immune from liability for damages when they act at the court's direction.").

However, "if a private actor conspires with a state actor to deprive someone's constitutional rights, the private actor may be subject to a § 1983 suit." *Alarm Detection Sys. v. Vill. of Schaumburg*, 930 F.3d 812, 825 (7th Cir. 2019); *see also Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1016 (7th Cir. 2000). Quasius alleges that a conspiracy existed, but between only Bilka and Dewane; he does not allege that any conspiracy existed between any defendant and a state actor. Even if the court could characterize Dewane as a state actor, her absolute immunity would bar any claim

against Bilka. To bring non-state actors into a § 1983 claim on a conspiracy theory, a plaintiff must state a plausible claim against a non-immune state actor coconspirator. *See Grow v. Fisher*, 523 F.2d 875, 877 (7th Cir. 1975); *see also Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007).

In sum, the court has no jurisdiction over the claims alleged in the complaint. Quasius has failed to state a § 1983 claim against either Bilka or Dewane because he has failed to adequately allege that either is a state actor. Even if the court could find Dewane's role as a guardian ad litem rendered her a state actor, she would be absolutely immune from liability for any such actions. Because Quasius has failed to allege a plausible claim against any non-immune state actor, he has not alleged a plausible § 1983 conspiracy claim against Bilka or Dewane.

In the absence of a plausible claim under federal law, the court has jurisdiction only if the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Quasius does not identify the citizenship of the defendants, and thus he fails to demonstrate that complete diversity exists. In the absence of complete diversity, it is unnecessary for the court to consider whether Quasius has a plausible claim under state law. Therefore, the court must dismiss Quasius's complaint.

Ordinarily, the court will afford a litigant, especially a litigant proceeding without the assistance of counsel, an opportunity to file an amended complaint before dismissing an action. *NewSpin Sports, Ltd. Liab. Co. v. Arrow Elecs., Inc.*, 910 F.3d 293, 310 (7th Cir. 2018). Only if it is clear that further amendment would be futile

6

Case 1:25-cv-01149-BBC     Filed 08/20/25     Page 6 of 7     Document 5

should the court dismiss an action for failure to state a claim without giving a plaintiff to try again.

From the details alleged in Quasius's complaint, the court cannot discern any plausible claim that he could present if allowed he were allowed to amend. The foundational defects—the fact that the purported defendants are not state actors and even if Dewane were, she would be absolutely immune—cannot be remedied through amendment. Therefore, dismissal of this action is appropriate.

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER ORDERED** that the complaint and this action are **dismissed** for failure to state a claim on which relief may be granted. The Clerk shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 20th day of August, 2025.

<u>*s/ Byron B. Conway*</u>
BYRON B. CONWAY
United States District Judge